Robert S. Weisbein (RW-0081)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone:  (212) 338-3527
Facsimile:   (212) 687-2329

*Attorneys for Plaintiffs*
Jersey Productions, Inc., Film Shows, Inc.,
and Movietime, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JERSEY PRODUCTIONS, INC., FILM SHOWS, INC., and MOVIETIME, INC.

               Plaintiffs,

      v.

TGG DIRECT, LLC, AMAZON.COM, INC., BARNES & NOBLE, INC., KMART CORPORATION, SEARS, ROEBUCK & CO., DIRECTTOU, LLC d/b/a Deepdiscount.com, Critics Choice Video, DVD Planet, Movies Unlimited, Blowitoutahere! and ImportCDs.com, TRANS WORLD NEW YORK LLC d/b/a/F.Y.E., CLBL, Inc. d/b/a CD Universe, GOTHAM DISTRIBUTING CORPORATION d/b/a Oldies.com, TURNER CLASSIC MOVIES, INC. and MOVIE MARS, INC.

               Defendants,

CIVIL ACTION NO. [_____]

**COMPLAINT**

JURY TRIAL DEMANDED

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

As and for their Complaint in this action, Plaintiffs Jersey Productions, Inc. ("JPI"), Film Shows, Inc. ("FSI") and Movietime, Inc. ("MI") allege as follows:

**INTRODUCTION**

1. This is an action for copyright infringement. Plaintiffs are producers and authors of documentary videos about Elvis Presley and The Three Stooges. These documentaries have been distributed under license from plaintiffs for many years by authorized home video companies. Most of the underlying material in these documentaries comes from public domain motion pictures and television shows. But plaintiffs select, edit and assemble these materials in original and entertaining form, and add original narration, visual inserts, special effects and music cues, such that the resulting documentaries are original works of authorship entitled to protection as compilations under the U.S. Copyright Act. In addition, plaintiff FSI is the author of an original "pan and scan" edited version of the public domain motion picture "McLintock!" This original work, as well as the documentaries at issue in this case, are all the subject of copyrights registered in the U.S. Copyright Office and owned by plaintiffs.

2. Defendant TGG Direct LLC ("TGG") distributes home video products. Rather than create its own original documentaries about Elvis Presley and The Three Stooges using underlying public domain material, it copied portions of plaintiffs' copyrighted works, containing substantial amounts of original material, into documentary videos which it is currently offering and selling throughout the United States. These videos incorporate other copyrighted material in which plaintiffs own exclusive rights. In addition, TGG has copied the entirety of Film Shows' original edited version of "McLintock!" TGG is offering for sale and selling DVDs of this copy throughout the United States through retail stores and online retailers, and has authorized entities such as Amazon to offer it for streaming and downloading. Because TGG has failed to cease its infringement after multiple written notices from plaintiffs, this action is necessary.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff JPI is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Garfield, New Jersey.

4. Plaintiff FSI is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Garfield, New Jersey.

5. Plaintiff MI is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business in Garfield, New Jersey.

6. Upon information and belief, defendant TGG Direct, LLC is a limited liability company organized under the law of the State of New Jersey and based in Cherry Hill, New Jersey. Upon information and belief, defendant is owned or controlled by The Garr Group, Inc., a corporation organized and existing under the laws of the State of New Jersey. Defendant offers for sale and sells home video products throughout the United States, including the State of New York and this judicial District.

7. Upon information and belief, defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its principal place of business in Seattle, Washington.

8. Upon information and belief, defendant Barnes & Noble, Inc. ("Barnes & Noble") is a Delaware corporation with its principal place of business in New York, New York.

9. Upon information and belief, defendant Kmart Corporation ("Kmart") is a Michigan corporation with its principal place of business in Hoffman Estates, Illinois.

10. Upon information and belief, defendant Sears, Roebuck and Co. ("Sears") is a New York corporation with its principal place of business in Hoffman Estates, Illinois.

11. Upon information and belief, defendant DirectToU LLC ("DTU") is a limited liability company organized under the laws of the state of Delaware, having its principal place of business in Irvine, California, which maintains online retail websites and catalog sales under

names including Deepdiscount.com, Critics' Choice Video, DVD Planet, Movies Unlimited, Blowitoutahere! and ImportCDs.

12. Upon information and belief, defendant Trans World New York, LLC d/b/a F.Y.E. ("FYE") is a limited liability corporation having its principal place of business in Albany, New York.

13. Upon information and belief, defendant CLBL, Inc. d/b/a CD Universe ("CD Universe") is a Connecticut corporation with its principal place of business in Wallingford, Connecticut.

14. Upon information and belief, defendant Gotham Distributing Corporation d/b/a Oldies.com ("Oldies.com") is a Pennsylvania corporation with its principal place of business in Conshohocken, Pennsylvania.

15. Upon information and belief, defendant Turner Classic Movies, Inc. ("TCM") is a Delaware corporation with its principal place of business in Atlanta, Georgia.

16. Upon information and belief, defendant Movie Mars, Inc. ("Movie Mars") is a North Carolina corporation with its principal place of business in Matthews, North Carolina that maintains a website under the name MovieMars.com.

17. This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

18. This Court has *in personam* jurisdiction over the defendants because they have transacted business and are currently transacting business on a systematic and continuous basis within the state of New York, and because a substantial portion of the acts giving rise to this action have occurred within the state of New York.

19. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that Defendants reside in this District and a substantial part of the events giving rise to the claims occurred in this District.

## PLAINTIFFS AND THEIR COPYRIGHTS

20. For many years, plaintiffs have created original documentary programs on the lives and careers of stars in motion pictures, television and music. These programs are compiled from plaintiffs' vast library of public domain motion pictures, television shows, radio broadcasts, photographs, posters and other materials. Plaintiffs have licensed these works for distribution in the home video market through companies such as GoodTimes Home Video, Gaiam, and Legend Films.

21. Plaintiff FSI is the producer and author of an original documentary work entitled "The Three Stooges Story." This work is a compilation of pre-existing materials which were selected, arranged and edited by FSI, and to which original narration, visual inserts, special effects and music cues were added. "The Three Stooges Story" is therefore an original work of authorship entitled to protection under the U.S. Copyright Act.

22. FSI is the owner of U.S. Copyright Registration No. PA 1-887-530 for this work. A copy of the Certificate of Registration is attached to and made a part of this Complaint as Exhibit A.

23. FSI is also the owner, by assignment, of the copyright in an original audio-visual work containing interviews with Larry Fine of The Three Stooges as well as two other persons involved in the creation of Three Stooges shorts (the "Fine/Bernds/Ullman Interview"). This work is the subject of U.S. Copyright Registration No. PAu 1-869-916, now owned by FSI. Copies of the Certificate of Registration and of the assignment to FSI are attached to and made

a part of this Complaint as Exhibit B.  Substantial portions of the Fine/Bernds/Ullman Interview work appear in "The Three Stooges Story" and also in JPI's original documentary "The Three Stooges Extreme Rarities."

24.     Plaintiff JPI is the producer and author of original documentary works entitled "The Three Stooges Extreme Rarities" and "The Three Stooges Live & Hilarious."  These works are compilations of pre-existing materials which were selected, arranged and edited by JPI. In addition, original narration, visual inserts, special effects and music cues were added to "Extreme Rarities." Original colorization was added to "Live & Hilarious"   "The Three Stooges Extreme Rarities" and "The Three Stooges Live & Hilarious" are therefore original works of authorship entitled to protection under the U.S. Copyright Act.

25.     Pursuant to an agreement with Legend Films, Inc., which added original colorization to portions of these works and was licensed to distribute them, the copyright in "Extreme Rarities" and "Live & Hilarious" was jointly owned by Legend and JPI.  However, when Legend registered the copyrights in these works in 2008, it erroneously did so solely in its own name.  "Extreme Rarities" was originally the subject of U.S. Copyright Registration No. PA 1-631-192.  "Live & Hilarious" was the subject of U.S. Copyright Registration No. PA1-631-194.

26.     In 2016, Legend Films amplified these registrations, through Supplemental Registrations, to identify JPI as joint author and claimant. "Extreme Rarities" is the subject of Supplemental Registration No. PA 1-398-029. "Live & Hilarious" is the subject of Supplemental Registration No. PA 1-398-028.  Copies of the certificates of the original and supplemental registrations for both works are attached to and made a part of this Complaint as Exhibit C.

27. By assignment dated April 6, 2016, JPI acquired Legend's share of the copyrights in "Extreme Rarities" and "Live & Hilarious." A copy of this assignment is attached to and made a part of this Complaint as Exhibit D. JPI is therefore now the owner of all right, title and interest in and to the copyrights in both works.

28. Plaintiff MI is the producer and author of an original documentary work about Elvis Presley entitled "Rare Moments with the King." This work is a compilation of pre-existing materials which were selected, arranged and edited by MI, and to which original text graphics were added. "Rare Moments with the King" is therefore an original work of authorship entitled to protection under the U.S. Copyright Act.

29. MI is the owner of U.S. Copyright Registration No. PA 1-887-601 for "Rare Moments with the King." A copy of the Certificate of Registration is attached to and made a part of this Complaint as Exhibit E.

30. Plaintiff FSI is the creator and author of an edited version of the motion picture "McLintock!", starring John Wayne. The underlying motion picture fell into the public domain through lack of renewal of its copyright registration.

31. "McLintock" was originally shot in a widescreen Panavision theatrical format, whose aspect ratio was approximately 2.35:1. This was unsuitable for traditional televisions having a 1.33:1 aspect ratio.

32. In 1993, FSI created a "pan and scan" fullscreen edited version of the original film in a 1.33:1 aspect ratio to make it suitable for traditional television video. FSI's creation of the pan and scan fullscreen version of "McLintock!" was not a mechanical process. In making the adaptation, FSI made editorial choices during the Telecine optical film-to-video conversion. The editing included scanner/camera placement and movement, straight cuts, multiple focal

length positioning of the lens, and composing, framing, and choosing which elements and subject matter within the film to focus on. FSI's version of "McLintock!" is therefore an original work of authorship entitled to protection under the U.S. Copyright Act.

33. FSI's original "pan and scan" version of "McLintock" is the subject of U.S. Copyright Registration No. PA 1-887-533, owned by FSI. A copy of the Certificate of Registration is attached to and made a part of this Complaint as Exhibit F.

34. Upon information and belief, no pan and scan fullscreen versions of "McLintock!" have been distributed to the public, other than (1) a copyrighted version created by Batjac Productions, Inc., successor to the picture's producer, and (2) the copyrighted version created by FSI. The two versions are easily distinguishable in terms of the editing, composition and framing of the widescreen version.

## DEFENDANT'S ACTS

35. Upon information and belief, defendant TGG creates, distributes and merchandises DVD and audio CD products to retailers and catalogs throughout the United States, including the State of New York. Its products are available at national retailers such as Kmart, online retailers such as Amazon, and through specialty catalogs.

36. TGG is currently offering for sale and selling, throughout the United States including the State of New York, a DVD program under the title "Three Stooges Mania." This program appears in at least four (4) different DVD products sold or authorized to be sold by defendant, including but not limited to "Three Stooges Mania," "Three Stooges Mania Gift Box," "Three Stooges Mania/Return to Green Acres" combination release, and "The Three Stooges and Little Rascals Ultimate Collector's Edition" (collectively, the "Accused Three Stooges Works"). Each of these works incorporates substantial portions of FSI's "Three

Stooges Story," JPI's "Three Stooges Live & Hilarious" and "Three Stooges Extreme Rarities." They also include portions of the "Fine/Bernds/Ullman Interview" work.

37. The copying of plaintiff's works in the Accused Three Stooges Works goes well beyond merely copying the underlying public domain works contained therein. TGG has copied portions which reflect plaintiffs' selection, arrangement and editing of these underlying works, as well as original narration, visual effects and inserts. In doing so, defendant has unlawfully taken for itself original copyrightable expression which belongs exclusively to plaintiffs.

38. The copying of the Fine/Berns/Ullman Interview work in the Accused Three Stooges Works constitutes a separate infringement of copyright.

39. Finally, TGG has copied and incorporated into the Accused Three Stooges Works the colorized version of The Camel Comedy Caravan-Ed Wynn Show which appears in "Live and Hilarious." This colorization is copyrightable subject matter in which JPI now owns all right, title and interest.

40. TGG is currently offering for sale and selling, throughout the United States including the State of New York, a DVD program under the title "Elvis—The King Remembered." This work incorporates substantial portions of MI's "Rare Moments with the King."

41. The copying of plaintiff's works in "Elvis – The King Remembered" goes well beyond merely copying the underlying public domain works contained therein. TGG has copied portions which reflect the selection, arrangement and editing of these underlying works, as well as original textual material. In doing so, TGG has unlawfully taken for itself original copyrightable expression which belongs exclusively to plaintiffs.

42. MI's "Rare Moments with the King" was originally released by GoodTimes Home Video, which placed a "GT" watermark in the lower right-hand corner of the screen. TGG purposely removed the GT watermark by enlarging the picture and placing it slightly out of frame. This attempt to conceal the unlawful copying by TGG confirms the willfulness of its infringement.

43. TGG is currently offering for sale and selling, throughout the United States including the State of New York, a version of the motion picture "McLintock!" that was copied from FSI's copyrighted pan and scan version. This copied version of "McLintock!" is included in at least eight (8) different packages of DVDs sold or authorized to be sold by defendant. TGG has also authorized defendant Amazon to stream and offer downloading of its copied version of "McLintock!" A side-by-side, scene-by-scene comparison of the two versions reveals that they share the exact same editing and film artifacts.

44. Upon information and belief, defendants Amazon, Barnes & Noble, Kmart, DTU, FYE, CD Universe, Oldies.com, TCM and Movie Mars (collectively, the "Retailer Defendants") have purchased from TGG, and have offered for sale and sold throughout the United States, including the State of New York, one or more of the Accused Three Stooges Works, TGG's "Elvis – The King Remembered," and one or more products containing TGG's copied version of "McLintock!".

45. Upon information and belief, defendant Sears has purchased from TGG, and has offered for sale and sold throughout the United States, including the State of New York, TGG's "Elvis – The King Remembered," and one or more products containing TGG's copied version of "McLintock!".

46. In a letter dated February 10, 2016, counsel for plaintiffs notified TGG's Chief Legal Officer about plaintiff's copyrights and the copying alleged herein. In a letter dated March 28, 2016, counsel for plaintiffs amplified and clarified its allegations. Neither TGG nor its counsel have ever provided any substantive response.

47. Upon information and belief, all of TGG's accused works continue to be offered for sale and sold throughout the United States, including the State of New York, by all defendants.

## FIRST CLAIM FOR RELIEF

## COPYRIGHT INFRINGEMENT
## (17 U.S.C. §101 et seq.)

48. Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs 1 through 49 of this Complaint and incorporate them herein by reference.

49. "The Three Stooges Story," "The Three Stooges Live and Hilarious," "The Three Stooges Extreme Rarities," "The Fine/Bernds/Ullman Interview," "Rare Moments with the King," and FSI's version of "McClintock!" (collectively, "Plaintiff's Works"), are original works of authorship fixed in tangible form, containing copyrightable subject matter under the U.S. Copyright Act, 17 U.S.C. § 101 et seq.

50. At no time did any plaintiff ever authorize defendant to reproduce publish, distribute copies of, transmit, display or prepare derivative works based upon all or any portion of Plaintiffs' Works.

51. TGG has infringed plaintiffs' copyrights in Plaintiffs' Works by making copies of them and distributing, transmitting and displaying copies of Plaintiffs' Works to its customers and potential customers throughout the United States, including the State of New York.

52. TGG's copyright infringements have been willful and malicious.

53. The Retailer Defendants have infringed plaintiffs' copyrights in Plaintiff's Works by distributing and/or transmitting them to persons throughout the United States, including the State of New York.

54. Upon information and belief, defendants intend to engage in further acts of copyright infringement unless enjoined by this Court.

55. Defendants' infringement is causing irreparable injury to plaintiffs, in that Plaintiff's works constitute unique and valuable property, injury to which cannot be measured adequately in monetary damages, and the damages to plaintiff and its relationships with its licensees are not precisely and fully ascertainable.

56. Unless enjoined, defendants' copyright infringement will continue to cause irreparable injury to plaintiffs.

57. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment against the Defendants as follows:

1. Defendants, their agents, servants, employees, attorneys, representatives and all other persons acting in active concert or participation with defendants be permanently enjoined and restrained from copying, distributing transmitting or displaying any portion of Plaintiffs' Works.

2. Defendants be ordered to permanently delete from all of their servers and other computer storage facilities of all kinds, whether in its possession or under its control, all copies of all of Plaintiffs' Works.

3. Defendants be ordered to deliver up for destruction all of its inventory of copies of all infringing works which are in its possession or under its control.

4. TGG be ordered to notify all of its customers who have copies of infringing works available for resale, streaming or download, within ten (10) business days of entry of judgment, to return all copies of infringing works and to immediately cease providing the means for streaming or downloading any infringing works.

5. Defendants be ordered to file with the Court and serve upon plaintiffs, within thirty (30) days after entry of judgment, a report in writing and under oath setting forth in details the manner and form in which defendant has complied with the judgment.

6. Awarding to plaintiff all of its damages sustained as a result of defendants' infringing acts, or, as an alternative, awarding to plaintiffs statutory damages.

7. Directing that an accounting be performed in order to determine defendants' profits attributable to its infringements and ordering that such profits be paid over to plaintiffs.

8. Awarding to Plaintiffs interest, including pre-judgment interest, on the foregoing sums.

9. Awarding Plaintiffs its costs in this civil action, including reasonable attorneys' fees and expenses.

10. Order such other relief as the Court may deem appropriate.

Dated: July 1, 2016  
      New York, New York

Respectfully submitted,

FOLEY & LARDNER LLP

By: */s/ Robert S. Weisbein*  
    Robert S. Weisbein, Esq.  
    FOLEY & LARDNER LLP  
    90 Park Avenue  
    New York, New York 10016-1314  
    Telephone:  (212) 682-7474  
    Facsimile:  (212) 687-2329  
    rweisbein@foley.com

*Attorney for Plaintiffs*  
    *Jersey Productions, Inc., Film Shows,*  
    *Inc., and Movietime, Inc.*